UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:17-CV-00033-DLB-EBA

MARK L. PADGETT,                                                                                         PETITIONER,

v.                            **MAGISTRATE JUDGE'S
                              REPORT AND RECOMMENDATION**

KATHY LITTERAL, *Warden*,                                                                        RESPONDENT.

      This matter is before the undersigned on Mark L. Padgett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [R. 1] asserting four (4) separate grounds for relief and Respondent's Motion to Dismiss [R. 23]. Having considered this matter fully, and being otherwise sufficiently advised, the undersigned will recommend Padgett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [R. 1] be dismissed and Respondent's Motion to Dismiss [R. 23] be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      After a jury convicted Mark Padgett of criminal attempt to commit first-degree manslaughter, second-degree assault, and violation of an emergency protective order, he was sentenced to twenty one years imprisonment in the Campbell Circuit Court on August 19, 2008. On March 18, 2010, the Supreme Court of Kentucky affirmed his conviction on appeal. Then, nearly three years later, on February 12, 2013, Padgett filed a Motion to Vacate, Set Aside, and Correct Judgment and Sentence pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") [R. 22-3, at 23-66] and a Motion for Full Evidentiary Hearing pursuant to RCr 11.42 [R. 22-3, at 67-68]. On June 25, 2013, the trial court denied Padgett's Motion to Vacate pursuant to RCr 11.42 [R. 22-3, at 23-66]. [R. 22-4, at 10-26].

1

On June 19, 2015, the Court of Appeals of Kentucky affirmed the trial court's decision to deny Padgett's Motion to Vacate pursuant to RCr 11.42. *Padgett v. Commonwealth,* No. 2014-CA-000142-MR, 2015 WL 3826203 (Ky. Ct. App. June 19, 2015). On August 31, 2015, the Court of Appeals of Kentucky denied Padgett's Motion for Additional Time to File a Petition for Rehearing. [R. 22-4, at 33-34]. On March 9, 2016, the Supreme Court of Kentucky denied Padgett's Motion for Discretionary Review. [R. 22-4, at 53]. On October 3, 2016, the Supreme Court the United States denied Padgett's Petition for a Writ of Certiorari. [R. 22-6, at 43].

On or about March 6, 2017, Padgett filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [R. 1]. As grounds for relief, Padgett alleges (1) the trial court abused its discretion and violated Padgett's rights to a fair trial and due process when it instructed the jury on an unindictable offense; (2) he received ineffective assistance of counsel because counsel allowed Padgett to be convicted of an allegedly unindictable offense based on the aforementioned jury instruction; (3) he received ineffective assistance of counsel because counsel failed to raise or preserve on direct appeal all issues pertaining to the aforementioned jury instruction; and (4) Padgett's trial and appellate counsel failed to challenge the trial court's erroneous statement that the jury determined Padgett was acting under an extreme emotional disturbance ("EED"). *Id.*

On September 8, 2017, Defendant filed her Answer [R. 22; R. 23] captioned as a Motion to Dismiss and Rule 5 Answer to Petition for Habeas Corpus. [R. 22; R. 23].

## DISCUSSION

### A. WHETHER PADGETT'S PETITION SHOULD BE DIMISSED BECAUSE IT IS TIME-BARRED

Respondent contends Padgett's Petition [R. 1] should be dismissed because it is untimely. [R. 415, at 3-5].

2

The AEDPA sets forth a one-year statute of limitations for state prisoners seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Luney v. Hickey,* No. 6:13-026-DCR, 2013 WL 3192978, at * 1, *4 (E.D. Ky. June 21, 2013); *see also Hart v. Webb,* No. 5:07CV-P28-R, 2007 WL 4547446, at *1 (W.D. Ky. Dec. 19, 2007). Specifically, the statute, 28 U.S.C. § 2244(d)(1), provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the first circumstance applies, and the one-year statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Generally, the one-year statute of limitations begins to run as follows:

> The limitations period [is] triggered following completion of a prisoner's direct appeal, either by the date on which a timely petition for certiorari was denied by the United States Supreme Court or, if no certiorari petition was filed, 90 days from entry of the state court's judgment when the time to file such a petition expired.

*Giles v. Beckstrom,* 826 F.3d 321, 323 (6th Cir. 2016). "In state criminal cases, such as this one, the time to file a petition for a writ of certiorari is 'prescribed by rules of the Supreme Court.'" *Id.* (citing 28 U.S.C. § 2101(d)). "Supreme Court Rule 13.3 allows a petitioner 90 days from 'the entry

3

of the judgment or order sought to be reviewed' to file a timely petition for certiorari." *Giles,* 826 F.3d at 323 (citing Sup. Ct. R. 13.3).

In the present case, the judgment became final on March 18, 2010, the date the Supreme Court of Kentucky concluded direct review of the judgment by affirming Padgett's conviction. *Padgett,* 312 S.W.3d 336. Since Padgett did not petition the Supreme Court of the United States for a writ of certiorari, his one-year limitation period began to run on June 16, 2010, ninety (90) days after the Supreme Court of Kentucky affirmed his judgment. *Giles*, 826 F. 3d at 323. Padgett had until June 16, 2011 to file his present Petition [R. 1], and Padgett failed to do so until on or about March 6, 2017. [R. 1]. Therefore, Padgett failed to file his Petition [R. 1] within the 28 U.S.C. § 2244(d) one-year statute of limitations, and absent some event tolling the limitations period, his Petition is untimely.

### 1. WHETHER PADGETT'S RCr 11. 42 MOTION TOLLED HIS ONE-YEAR LIMITATIONS PERIOD

"The AEDPA's one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Luney,* 2013 WL 3192978, at *5 (quoting 28 U.S.C. § 2244(d)(2)). "A post-conviction relief petition is 'properly filed' under § 2244(d)(2) if it meets the applicable state rules governing filing." *Luney,* 2013 WL 3192978, at *5 (citing *Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Walker v. Smith,* 360 F.3d 561, 563 (6th Cir. 2004)). "Kentucky requires RCr 11.42 motions be filed within three years of a conviction becoming final . . . . *Luney,* 2013 WL 3192978, at *5 (citing Ky. R. Crim. P. 11.42(10)).

"[I]n order to toll Petitioner's one-year AEDPA limitations period for the filing his federal habeas petition, his state collateral attack must have been both 'properly filed' and 'pending'" before the time expires to file a federal habeas petition. *Luney,* 2013 WL 3192978, at *5 (citing

4

28 U.S.C. § 2244(d)(2)). Once the time for filing the federal habeas petition has expired, "'[t]he tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Luney,* 2013 WL 3192978, at *5 (citing *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003)).

Here, while Padgett did properly file an application for state post-conviction relief pursuant to an RCr 11.42 motion within the allowable three-year limitations period under state law, the time for filing his federal habeas petition had expired. Specifically, Padgett did not file his RCr 11.42 motion until February 12, 2013, 607 days after June 16, 2011, the date Padgett could have timely filed his present Petition [R. 1] in this Court. [R. 22-3, at 23-66]. Had Padgett "properly filed" his RCr 11.42 motion before June 16, 2011, what remained of the one-year limitation period to file his present Petition [R. 1] could have been tolled, pending disposition of the RCr 11.42 proceedings. *See Luney,* 2013 WL 3192978, at *5 (citing 28 U.S.C. § 2244(d)(2)). However, since Padgett did not file his RCr 11.42 motion until after he was required to file his present Petition [R. 1], Padgett's one-year limitation period was not tolled because the one-year limitations period had already expired, and Padgett filing his RCr 11.42 motion did not revive the limitations period. *Luney,* 2013 WL 3192978, at *5 (citing *Vroman,* 346 F.3d at 602; *Hart,* 2007 WL 4547446, at *3 ("'AEDPA's one-year statute of limitations applies even if there is a longer state statute of limitations and does not permit the reinitiation of the limitations period that has ended before the state petition was filed.'")).

### 2. WHETHER EQUITABLE TOLLING IS APPROPRIATE

Having determined Padgett's Petition [R. 1] was untimely, the Court will consider whether Padgett is entitled to equitable tolling. "'[A] petitioner is entitled to equitable tolling only if he

5

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *Giles,* 826 F.3d at 325 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "In order for the limitations period to be tolled equitably based on attorney error . . . the error must be 'far more serious' than 'a garden variety claim of excusable neglect.'" *Giles,* 826 F.3d at 325 (quoting *Holland*, 560 U.S. at 651-52). In *Holland*, the Supreme Court of the United States found:

> Several lower courts have specifically held that unprofessional attorney conduct may, in certain circumstances, prove "egregious" and can be "extraordinary" . . . . See, *e.g., Nara v. Frank,* 264 F.3d 310, 320 (C.A.3 2001) (ordering hearing as to whether client who was "effectively abandoned" by lawyer merited tolling); *Calderon,* 128 F.3d, at 1289 (allowing tolling where client was prejudiced by a last minute change in representation that was beyond his control); *Baldayaque,* 338 F.3d, at 152–153 (finding that where an attorney failed to perform an essential service, to communicate with the client, and to do basic legal research, tolling could, under the circumstances, be warranted); *Spitsyn,* 345 F.3d, at 800–802 (finding that "extraordinary circumstances" may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications); *United States v. Martin,* 408 F.3d 1089, 1096 (C.A.8 2005) (client entitled to equitable tolling where his attorney retained files, made misleading statements, and engaged in similar conduct).

*Holland*, 560 U.S. at 651.

### a. WHETHER PADGETT HAS PURSUED HIS RIGHTS DILLEGENTLY

In the present case, Padgett argues that he has pursued his rights diligently by exhausting his remedies in state court [R. 1, at 14; R. 19, at 3]. While it is true Padgett has exhausted his remedies in state court, he has not pursued his rights diligently in this Court.

In *McQuiggin v. Perkins,* 569 U.S. 383, 391-92 (2013), the Supreme Court of the United States found a petitioner did not qualify for equitable tolling because "he waited nearly six years to seek federal postconviction relief," and "'[s]uch a delay falls far short of demonstrating the . . . diligence' required to entitle a petitioner to equitable tolling."

6

Like the petitioner in *McQuiggin*, in the present case, Padgett waited nearly six years to file his Petition [R. 1]. Specifically, Padgett had until June 16, 2011 to file his present Petition [R. 1], but he failed to do so until on or about March 6, 2017. Therefore, Padgett did not pursue his rights to federal post-conviction relief diligently. *Id.; Giles,* 826 F.3d at 325 (quoting *Holland*, 560 U.S. at 649).

### b. WHETHER EXTRAORDINARY CIRCUMSTANCES PREVENTED TIMELY FILING

Padgett argues his counsel's errors during trial and on appeal provide cause to excuse the untimeliness of his Petition [R. 1]. [R. 19, at 1]. To the extent this argument is construed to mean Padgett's counsel's alleged errors amounted to an extraordinary circumstance, the Court disagrees.

Padgett's allegations that counsel erred pertain to Padgett's ineffective assistance of counsel claims arguing counsel failed to challenge a jury instruction on an allegedly unindictable offense and the trial court's allegedly erroneous statement that the jury determined Padgett was acting under an extreme emotional disturbance. [R. 19, at 2]; *see also* [R. 1]. Assuming Padgett's counsel provided ineffective assistance, Padgett still could have brought the present claims on time because counsel's alleged ineffective assistance of counsel did not pertain to the filing of this Petition [R. 1]. Padgett brought the same ineffective assistance of counsel claims in both the Campbell Circuit Court and Court of Appeals of Kentucky [R. 1-2, at 3-26], so there is no obstacle, attorney error or otherwise, that prevented Padgett from bringing his claims in this Court in a timelier manner. Accordingly, Padgett has failed to show an extraordinary circumstance that prevented his timely filing. Therefore, Padgett is not entitled to equitable tolling. *Giles,* 826 F.3d at 325 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

### 3. WHETHER THE COURT SHOULD EXCUSE THE UNTIMELINESS OF PADGETT'S PETITION DUE TO ACTUAL INNOCENCE

Padgett asserts he "is actually innocent, on count (1) one." [R. 1, at 14]. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations." *McQuiggin,* 569 U.S. at 386 (citing *Schlup v. Delo,* 513 U.S. 298 (1995); *House v. Bell,* 547 U.S. 518 (2006)). "[A]ctual-innocence gateway pleas are rare: ''[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin,* 569 U.S. at 386 (citing *Schlup,* 513 U.S., at 329; *see House,* 547 U.S., at 538). "'[T]he timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *McQuiggin,* 569 U.S. at 386-87 (quoting *Schlup,* 513 U.S., at 332). "If the petition alleges newly discovered evidence . . . the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *McQuiggin,* 569 U.S. at 388-89 (quoting 28 U.S.C. § 2244(d)(1)(D)).

In the present case, Padgett neither provides new evidence nor shows that no reasonable jury would find him guilty. Instead, Padgett argues, "No reasonable jury would have convicted Padgett had they known criminal attempt to commit manslaughter in the first degree is not an indictable offense nor a criminal offense." [R. 25, at 2]. However, the Court of Appeals of Kentucky already properly addressed this argument in its Opinion Affirming the Campbell Circuit Court's Order Denying Padgett's RCr 11.42 Motion. *Padgett,* 2015 WL 3826203. Specifically, the Court of Appeals of Kentucky found, "'A defendant under the influence of EED (extreme emotional disturbance) who takes a substantial step towards killing a person with the intent to do

8

so commits Attempted First-Degree Manslaughter rather than Attempted Murder.'" *Id.* at 4 (quoting *Holland v. Commonwealth,* 114 S.W.3d 792, 806 (Ky. 2003)). Since Padgett has not provided any new evidence and is merely making the same arguments he made before the Court of Appeals of Kentucky, Padgett has failed to show that he was actually innocent. Therefore, the undersigned will recommend Padgett's untimeliness not be excused on the basis that he was actually innocent.

### 4. WHETHER THE STATUTE OF LIMITATIONS HAS NOT STARTED TO RUN BECAUSE THERE HAS BEEN NO APPEAL

Padgett argues the statute of limitations has not started to run because his appeal was frustrated or affirmed due to ineffective assistance of counsel, and Padgett claims this means there has been no appeal. [R. 1-1, at 6 (citing *Hicks v. Comm.,* 825 S.W.2d 280, 281 (Ky. 1992)); R. 25, at 1 (citing *Hicks,* 825 S.W.2d at 281)]. Specifically, Padgett argues, "Appellate attorney would not raise [Padgett's] issues on direct appeal." [R. 1, at 14]. In *Hicks*, the Supreme Court of Kentucky found the following:

> [I]n *Commonwealth v. Wine,* Ky., 694 S.W.2d 689 (1985), held that a defendant whose conviction had not been appealed due to neglect of counsel could, upon motion to the court which had jurisdiction to hear the appeal, obtain a belated appeal.
>
> We also held that a defendant whose appeal had been dismissed solely due to neglect of counsel could, upon motion to the court which dismissed the appeal, obtain a reinstatement of the appeal. The rationale of these cases is that a defendant whose appeal has been frustrated or whose appeal has been dismissed due to neglect of counsel, has in fact had no appeal at all.

*Hicks,* 825 S.W.2d at 281.

However, like the Defendant in *Hicks,* in the present case, Padgett's appeal was not dismissed due to neglect of counsel, so Padgett's claim that there has been no appeal has no merit. *Id.* Instead, like the Defendant in *Hicks*, Padgett "contends . . . that his counsel was so ineffective

9

in failing to present an issue in the appeal and that the result is the same as if he had been denied a right of appeal." *Id.* Accordingly, Defendant is not entitled to a reinstatement of his appeal. *Id.* Moreover, aside from *Hicks* being a state court case that refutes Padgett's claim that there has been no appeal, in *Hollon v. Com.,* 334 S.W.3d 431 (Ky. 2010), the Supreme Court of Kentucky overruled *Hicks*. Therefore, Padgett has failed to show that the one-year limitation period has not begun to run because there has been no appeal.

The undersigned will recommend that the Respondent's Motion to Dismiss [R. 23] be granted, and Padgett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [R. 1] be dismissed as untimely because Padgett's Petition [R. 1] was filed outside the one-year statute of limitations, and he has failed to show the limitations period should be tolled.

## **RECOMMENDATION**

For the reasons outlined above, it is RECOMMENDED that Respondent's Motion to Dismiss [R. 23] be GRANTED, and the Petition for Writ of Habeas Corpus [R. 1] be DISMISSED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed this 30th day of May, 2018.



Signed By:
**Edward B. Atkins** *EBA*
United States Magistrate Judge