# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CIVIL ACTION NO. 17-33-DLB-EBA

MARK L. PADGETT                                                                                    PETITIONER

vs.            **ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHY LITTERAL, Warden                                                                  RESPONDENT

* * * * * * * * * * * * * *

## I.      INTRODUCTION

This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge Edward B. Atkins (Doc. # 26), wherein he recommends that Petitioner Mark L. Padgett's *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) be denied as time-barred.  Petitioner filed timely Objections to the Magistrate Judge's R&R.  (Doc. # 27).  Respondent having filed no response, and the time for submitting such response having expired, the R&R and Petitioner's Objections thereto are ripe for review.  For the reasons that follow, upon de novo review, this Court agrees that Padgett's Petition is untimely, and he is not entitled to relief under § 2254.  Accordingly, Petitioner's Objections are **overruled**, and the R&R is **adopted** as the opinion of the Court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been recounted several times in prior judicial opinions, so the Court will briefly summarize the facts as they are restated in *Padgett v. Commonwealth* (*Padgett I*), 312 S.W.3d 336 (Ky. 2010).  On June 29, 2007, Petitioner

was searching for his two teenage sons, driving his truck around to their usual hangouts. *Id.* at 339-40. Petitioner finally encountered his son, P.J., by a church festival in Fort Thomas, Kentucky. *Id.* P.J. warned Petitioner that Susan Padgett was across the street in a laundromat. *Id.* Petitioner and Ms. Padgett were divorced, and Ms. Padgett had an emergency protective order requiring Petitioner to stay at least 500 feet away from her. *Id.* Petitioner testified that, when he encountered his son, he observed P.J. cross the street in front of oncoming traffic. *Id.* Petitioner became extremely upset with Ms. Padgett for not supervising their teenage son to his satisfaction; he testified that his eyes were blinking, he was having trouble breathing, and he could not feel the ground beneath his feet. *Id.* Padgett pulled his truck into a parking spot near the laundromat, grabbed an SKS rifle from the back of his truck, and went inside. *Id.*

Ms. Padgett testified that she turned around to see a rifle pointed at her head. *Id.* at 340. Petitioner then struck Ms. Padgett several times with the butt of his rifle, as she attempted to flee and deflect his blows. *Id.* Ms. Padgett's testimony was corroborated by a witness inside the laundromat who testified that Petitioner entered the laundromat, declared "it's show time," attempted to fire his rifle, and when that failed, began to beat his ex-wife with his rifle. *Id.* Another witness, who was looking into the laundromat through a window from outside, also testified that Petitioner beat Ms. Padgett with the rifle. *Id.* Witnesses, including a nearby police officer who came to the scene, testified that Petitioner then pulled his rifle up in a "ready-fire" pose, pointed his rifle at Ms. Padgett's head as she ran down the street, and pulled the trigger. *Id.* at 340-41. The officer testified that when the rifle did not fire, Petitioner adjusted its bolt action. *Id.* at 341.

2

In contrast, Petitioner testified that he only intended to scare Ms. Padgett when he entered the laundromat, that he never hit her intentionally, and that she was struck as a result of their mutual struggle over the rifle. *Id.* at 340. Petitioner denied pulling his rifle into a firing position, pointing it at Ms. Padgett, or pulling the trigger; he testified that he merely moved his rifle around as he ran because the strap was bothersome. *Id.* at 341.

On July 29, 2008, following a jury trial, Petitioner was convicted of criminal attempt to commit first-degree manslaughter, second-degree assault, and violation of an emergency protective order. *Id.* at 341. He was sentenced to twenty years of imprisonment. *Id.* The Supreme Court of Kentucky affirmed his sentence on direct appeal on March 18, 2010. *See id.* On February 7, 2013—approximately three years after his direct appeal became final—Petitioner filed a motion for collateral review in state court, pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 (11.42 Motion). *See Padgett v. Commonwealth* (*Padgett II*), No. 2014-CA-142-MR, 2015 WL 3826203 (Ky. Ct. App. June 19, 2015).

Claiming ineffective assistance of counsel, Petitioner argued in his 11.42 Motion that the jury instruction given at trial regarding criminal attempt to commit first-degree manslaughter was improper because criminal attempt does not exist as a crime in Kentucky in the context of a first-degree murder charge. *Id.* at *4 (citing *Prince v. Commonwealth*, 987 S.W.2d 324 (Ky. Ct. App. 1997)). Petitioner asserted that his trial counsel should have objected to the instruction and his appellate counsel should have raised the issue in the original appeal. *Id.* The Circuit Court of Campbell County, Kentucky, denied Petitioner's 11.42 Motion, and the Kentucky Court of Appeals affirmed that decision on June 19, 2015. *See Padgett II*, 2015 WL 3826203. On March 9, 2016,

3

the Supreme Court of Kentucky denied Petitioner's Motion for Discretionary Review. On October 3, 2016, the United States Supreme Court denied certiorari. *Padgett v. Kentucky*, 137 S. Ct. 112 (2016). Petitioner then filed the subject *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on March 6, 2017. (Doc. # 1) (§ 2254 Petition).

III. **ANALYSIS**

The Magistrate Judge recommended that Petitioner's § 2254 Petition be dismissed as time-barred. (Doc. # 26 at 2). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a one-year statute of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2244(d)(1)(A). The Supreme Court of Kentucky affirmed Petitioner's sentence on direct appeal on March 18, 2010. *See Padgett I*, 213 S.W.3d 336. As a result, Petitioner's conviction became final on June 16, 2010, at the expiration of the ninety-day period during which he could have petitioned for a writ of certiorari, and AEDPA's one-year limitations period thus expired on June 16, 2011. *See, e.g., Brockman v. Warden, St. Louis Corr. Facility*, No. 17-2268, 2018 WL 1891453, at *1 (6th Cir. Mar. 20, 2018) (Order) (finding that the one-year limitations period "began running . . . when [petitioner's] 90-day period for seeking direct review in the Supreme Court expired"). Accordingly, by not filing his § 2254 Petition until March 6, 2017—more than five years after the limitations period expired—the action is untimely under AEDPA, unless the tolling provision of § 2244(d)(2) applies.

Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[t]he tolling provision does not . . . revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254 (S.D.N.Y. 1998)). "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602. Here, because Petitioner's 11.42 Motion was filed outside the one-year limitations period under § 2244(d)(1), it neither tolled the limitations period nor restarted the limitations period. *See id.* Accordingly, Petitioner's § 2254 Petition is time-barred.

As the Magistrate Judge noted, the fact that Petitioner's 11.42 Motion was filed within the allowable three-year limitations period under the Kentucky Rules of Criminal Procedure, *see* RCr 11.42(10), does not alter the result. (Doc. # 26 at 4-5). While Petitioner's 11.42 Motion may have been properly filed, it was not "pending" during the one-year period for filing a federal habeas action within the scope of § 2244(d)(2). The Sixth Circuit has considered and squarely rejected an argument similar to Petitioner's. *See Thompson v. Chandler*, 55 F. App'x 758 (6th Cir. 2003). Specifically, the Sixth Circuit determined in *Thompson* that the limitations period under AEDPA was not extended by the three-year period that is allowed for filing a post-conviction action under RCr 11.42. *Id.* Accordingly, any tolling argument under § 2244(d)(2) is foreclosed because Petitioner failed to file his RCr 11.42 Motion for post-conviction relief before the one-year period elapsed under AEDPA. Because Petitioner's § 2254 Petition was not filed until March 6, 2017—more than five years following the expiration of the limitations period—it is untimely under the statute.

The one-year statute of limitations under § 2254 is not jurisdictional, however, and is subject to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). That said, the Sixth Circuit has repeatedly cautioned that equitable tolling should be applied only "sparingly." *Id.* Here, the Magistrate Judge found that Petitioner was not entitled to equitable tolling for four reasons. (Doc. # 26 at 5-10). Although this Court must make a de novo determination of those portions of the Magistrate Judge's recommendations to which specific objections are made, *see* 28 U.S.C. § 636(b)(1)(C), "[w]here no objections are made, or the objections are vague or conclusory, the Court is not required to review under

a de novo, or any other, standard." *United States v. Hale*, No. 15-cr-18, 2017 WL 6606861, at *1 (E.D. Ky. Dec. 26, 2017) (citations omitted). Here, Petitioner's Objections simply reiterate arguments that have already been considered and rejected in the R&R. Nevertheless, the Court has examined the record and, having made a de novo determination, agrees fully with the Magistrate Judge's analysis.

First, relying upon *Hicks v. Commonwealth*, 825 S.W.2d 280, 281 (Ky. 1992), Petitioner argues that the purported ineffective assistance of his counsel on direct appeal should vitiate his own subsequent failure to comply with the one-year limitation period set forth in AEDPA. *See* (Docs. # 1-1 at 6; # 25 at 1; # 27 at 2 (citing *Hicks*, 825 S.W.2d at 281)). But, as the Magistrate Judge concluded, this argument is meritless for two reasons. First, *Hicks* was overturned by the Supreme Court of Kentucky in *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010). And second, the *Hicks* court expressly rejected Petitioner's argument:

> The movant here has not suffered from a failure to perfect an appeal in his case or from a dismissal of his appeal because his appeal has been completely processed and decided adversely to him. He contends, however, that his counsel was so ineffective in failing to present an issue in the appeal and that the result is the same as if he had been denied a right of appeal . . . . We think there is a substantial difference in the situation of a convicted defendant for whom no appeal was even taken or one whose appeal was dismissed solely due to neglect of counsel and the situation of a defendant whose appeal was completely processed and the judgment affirmed.

*Hicks*, 825 S.W.2d at 281. The *Hicks* court, therefore, refused to consider the movant's ineffective assistance of counsel claim. *Id.*

Here, just as in *Hicks*, Petitioner's core complaint is that his counsel was so ineffective in failing to present the issue of the erroneous jury instruction on direct appeal that he was effectively denied a right of appeal. (Doc. # 27 at 2). As the Supreme Court

7

of Kentucky concluded in *Hicks*, this argument fails. *See Hicks*, 825 S.W.2d at 281. Moreover, Petitioner fails to demonstrate how his counsel's allegedly deficient performance on direct appeal prevented him from subsequently seeking timely habeas review, as counsel's performance on direct appeal did not prevent Petitioner from timely raising the same issue in his subsequent 11.42 Motion before the Kentucky courts. Accordingly, Petitioner's first objection to the R&R is without merit.

Petitioner also objects to the Magistrate Judge's rejection of his argument that equitable tolling is appropriate because he is "actually innocent." (Doc. # 27 at 2). But as the Magistrate Judge concluded, the actual innocence exception to the statute of limitations requires a showing that in light of "*new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298 (1995) (emphasis added); *see also Bailey v. White*, No. 17-5709, 2017 WL 9684425, at *3 (6th Cir. Dec. 19, 2017) (citing *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005)). Therefore, as "Padgett neither provides new evidence nor shows that no reasonable jury would find him guilty," he has failed to make the requisite showing. (Doc. # 26 at 8).

Moreover, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). However, Petitioner does not claim that he is factually innocent. Nor does he point to new evidence that would show he did not attempt to shoot and kill his ex-wife. Rather, Petitioner echoes his claim of legal error that he raised below, with respect to the jury instruction on criminal attempt to commit first-degree manslaughter, arguing that "[n]o reasonable juror would convi[c]t the Petitioner of a crime that doesn't exist under Kentucky [l]aw." (Doc. # 27 at 2) (citing *Gerald v. Commonwealth*, No. 2005-CA-2544-MR, 2007 WL 121964 (Ky. Ct. App. Jan.

19, 2007)).  Accordingly, Petitioner's claim of actual innocence fails as a matter of law.

Petitioner's final objection merely reargues the merits of his ineffective assistance of counsel claims, seeking to sidestep the fact that his claim is time-barred. *See* (Doc. # 27 at 2-3) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  AEDPA is clear, however, that even were his claim meritorious, it is nonetheless subject to a one-year statute of limitations; without more, equitable tolling is inappropriate.  Here, the Magistrate Judge found that Petitioner was not entitled to equitable tolling because Petitioner, by waiting more than five years after the limitations period expired to file his habeas petition, had not diligently pursued his rights, and had made no showing that some extraordinary circumstance stood in his way and prevented timely filing. *See* (Doc. # 26 at 6) (citing *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016)).  Specifically, the Magistrate Judge rejected Petitioner's argument that his counsel's errors during trial and on appeal excused the untimeliness of his § 2254 Petition.  (Docs. # 19 at 1; # 26 at 2, 6).

Even assuming that Petitioner's counsel provided constitutionally deficient performance at trial and on direct appeal, the Magistrate Judge found that Petitioner "still could have brought the present claims on time because counsel's alleged ineffective assistance of counsel did not pertain to the filing of" his § 2254 Petition and because Petitioner "brought the same ineffective assistance of counsel claims in both the Campbell Circuit Court and Court of Appeals of Kentucky."  (Doc. # 26 at 7).  As such, the Magistrate Judge concluded "there [was] no obstacle, attorney error or otherwise, that prevented Padgett from bringing his claims in this Court in a timelier manner." *Id.*  The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate he is entitled to, nor does this record in this case support an argument for, equitable tolling.  Accordingly,

9

Petitioner's Objections are wholly without merit and dismissal of his § 2254 Petition is warranted.

Finally, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Padgett must be able to show that reasonable jurists could find in his favor, and the question "is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller–El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 Petition on the grounds raised or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Petitioner Mark L. Padgett's Objections (Doc. # 27) to the Magistrate Judge's Report and Recommendation are hereby **overruled**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 26) is **adopted** as the findings of fact and conclusions of law of the Court;

(3) Padgett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is **denied**;

(4) Respondent Kathy Litteral's Motion to Dismiss (Doc. # 23) is **granted**;

(5) The Court certifies that, for the reasons previously set forth herein, there would be no arguable merit for an appeal in this matter and, therefore, **no certificate of appealability shall issue**;

(6) This matter is **dismissed** and **stricken** from the Court's active docket; and

(7) A Judgment shall be entered contemporaneously herewith.

This 21st day of August, 2018.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\Cov17\17-33 Order Adopting R&R re 2254.docx